COOLEY LLP
JOHN W. CRITTENDEN (101634)
(JCRITTENDEN@COOLEY.COM)
ROBIN J. ALLAN (254617)
(RALLAN@COOLEY.COM)
101 California Street
5th Floor
San Francisco, CA  94111-5800
Telephone:   (415) 693-2000
Facsimile:   (415) 693-2222

Attorneys for Defendant
METROPARK USA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>            Plaintiff,<br><br>       v.<br><br>B.B. DAKOTA, INC., a California corporation, et al.,<br><br>            Defendants.<br>_____<br>METROPARK USA, INC, a Delaware corporation,<br><br>            Defendant and Cross-Claim Plaintiff,<br><br>       v.<br><br>B.B. DAKOTA, INC., a California corporation, et al.,<br><br>            Defendant and Cross-Claim Defendant. | Case No.  CV10 4328-GAF (RZx)<br><br>**DEFENDANT METROPARK USA, INC.'S AMENDED ANSWER & CROSSCLAIM AGAINST DEFENDANT BB DAKOTA, INC.**<br><br>**DEMAND FOR JURY TRIAL** |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1.

METROPARK AMENDED
ANSWER & CROSSCLAIM
CV10 4328-GAF (RZx)

Defendant Metropark USA, Inc. ("Metropark") responds to the Complaint of Summit Entertainment, LLC ("Summit") as follows:

## JURISDICTION

1. Metropark states that the allegations in Paragraph 1 of the Complaint are legal conclusions to which no response is needed, but to the extent a response is required, Metropark answers as follows: Metropark admits that 28 USC § 1331 and 1338 confer jurisdiction over a claim arising under the Lanham Act and the Copyright Act, and that the Complaint purports to arise under those statutes, but otherwise deny the allegations of Paragraph 1.

2. Metropark states that the allegations in Paragraph 2 of the Complaint are legal conclusions to which no response is needed, but to the extent a response is required, Metropark answers as follows: Metropark admits that venue in this district is proper if jurisdictional requirements are satisfied and otherwise denies the allegations of Paragraph 2.

## PARTIES

3. Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and on that basis denies the same.

4. Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and on that basis denies the same.

5. Metropark admits the allegations in Paragraph 5 of the Complaint.

6. Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and on that basis denies the same.

7. Metropark states that the allegations in Paragraph 7 of the Complaint

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2.

METROPARK AMENDED
ANSWER & CROSSCLAIM
CV10 4328-GAF (RZx)

are legal conclusions to which no response is needed, but to the extent a response is required, Metropark answers as follows: Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and on that basis denies the same.

## FACTUAL ALLEGATIONS

**Allegations Relating to Summit's Business, Trademarks, and Copyrights**

8. Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and on that basis denies the same.

9. Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and on that basis denies the same.

10. Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and on that basis denies the same.

11. Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint and on that basis denies the same.

12. Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and on that basis denies the same.

13. Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and on that basis denies the same.

14. Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and on that basis denies the same.

15. Metropark lacks knowledge or information sufficient to form a belief

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3.

METROPARK AMENDED
ANSWER & CROSSCLAIM
CV10 4328-GAF (RZx)

as to the truth of the allegations in Paragraph 15 of the Complaint and on that basis denies the same.

16. Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and on that basis denies the same.

**Allegations Relating to Defendants and The Allegedly Infringing Actions**

17. Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and on that basis denies the same, except admits, on information and belief, that B.B. Dakota, Inc. is a clothing wholesaler.

18. Metropark admits the allegations in Paragraph 18 of the Complaint.

19. Metropark admits that it operates retail stores at locations in the United States, and that it sells clothing from those retail stores. Except as expressly admitted herein, Metropark denies the allegations in Paragraph 19 of the Complaint.

20. Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and on that basis denies the same.

21. Metropark admits that, with the express written permission of Summit's Manager of National Publicity, it promoted on its website a jacket manufactured for or by, and supplied by, BB Dakota, which Metropark was informed was the same jacket style as that worn by the character "Bella" in the "Twilight" motion picture. Metropark further admits that Summit was notified at least as early as April 2009 that this jacket was being referred to and promoted as the BB Dakota "Twilight Jacket" or "Twilight Hooded Cargo Jacket." Metropark further admits that it was informed, in writing, by the BB Dakota representative who obtained the original permission from Summit, that Metropark was also authorized to use the image of the Bella character identified in the Complaint and Exhibit B thereto as the "Bella Image," provided that Metropark state "As seen in

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4.

METROPARK AMENDED
ANSWER & CROSSCLAIM
CV10 4328-GAF (RZx)

Twilight." Metropark further admits that the "Bella Image" incorporates the term TWILIGHT in the stylized form used by Summit. Except as expressly admitted herein, Metropark denies the allegations in Paragraph 21 of the Complaint.

22. Metropark admits that it received a letter dated June 4, 2009, from attorneys purporting to represent Summit, alleging that Metropark was infringing Summit's intellectual property. Metropark further admits that upon receiving that letter, an officer of Metropark contacted counsel for Summit, and informed Summit's counsel that Metropark had received permission from Summit to use Summit's purported intellectual property. Metropark admits that Summit counsel thereupon thanked Metropark's officer for speaking to him, advised that he would "expeditiously follow-up with Summit and determine the rights and liabilities involved," and that Metropark heard nothing further from Summit or its counsel about the matter until this action was filed. Metropark admits that the Hooded Cargo Jacket (referred to in the Complaint as the "Bella Jacket") was manufactured by or for, and supplied to Metropark by, defendant BB Dakota, Inc. Except as expressly admitted herein, Metropark denies the allegations in Paragraph 22 of the Complaint.

23. Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and on that basis denies the same.

24. Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and on that basis denies the same.

25. Metropark admits that it sold the Hooded Cargo Jacket with hangtags attached by or for the supplier, BB Dakota, bearing the "Bella Image" and stylized TWILIGHT designation whose use Metropark had been informed was authorized by Summit. Except as expressly admitted herein, Metropark denies the allegations in Paragraph 25 of the Complaint.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.

METROPARK AMENDED
ANSWER & CROSSCLAIM
CV10 4328-GAF (RZx)

1  26. Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and on that basis denies the same.

## FIRST CAUSE OF ACTION

### (False Designation of Origin - 15 U.S.C. § 1125(a))

27. Metropark hereby incorporates Paragraphs 1 through 26 of its Answer as though fully set forth herein.

28. Metropark denies the allegations in Paragraph 28 of the Complaint.

29. Metropark denies the allegations in Paragraph 29 of the Complaint.

30. Metropark denies the allegations in Paragraph 30 of the Complaint.

31. Metropark denies the allegations in Paragraph 31 of the Complaint.

32. Metropark denies the allegations in Paragraph 32 of the Complaint.

33. Metropark denies the allegations in Paragraph 33 of the Complaint.

34. Metropark denies the allegations in Paragraph 34 of the Complaint.

## SECOND CAUSE OF ACTION

### (Trademark Infringement)

35. Metropark hereby incorporates Paragraphs 1 through 34 of its Answer as though fully set forth herein.

36. Metropark denies the allegations in Paragraph 36 of the Complaint.

37. Metropark denies the allegations in Paragraph 37 of the Complaint.

38. Metropark denies the allegations in Paragraph 38 of the Complaint.

39. Metropark denies the allegations in Paragraph 39 of the Complaint.

40. Metropark denies the allegations in Paragraph 40 of the Complaint.

41. Metropark denies the allegations in Paragraph 41 of the Complaint.

## THIRD CAUSE OF ACTION

### (Dilution--15 U.S.C. § 1125(e); Cal. Bus. & Prof. Code § 14330)

42. Metropark hereby incorporates Paragraphs 1 through 41 of its Answer as though fully set forth herein.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6.

METROPARK AMENDED
ANSWER & CROSSCLAIM
CV10 4328-GAF (RZx)

1     43.    Metropark denies the allegations in Paragraph 44 of the Complaint.

2     44.    Metropark denies the allegations in Paragraph 45 of the Complaint.

3     45.    Metropark denies the allegations in Paragraph 46 of the Complaint.

4     46.    Metropark denies the allegations in Paragraph 46 of the Complaint.

5     47.    Metropark denies the allegations in Paragraph 47 of the Complaint.

6     48.    Metropark denies the allegations in Paragraph 48 of the Complaint.

7     49.    Metropark denies the allegations in Paragraph 49 of the Complaint.

## FOURTH CAUSE OF ACTION

### (Copyright Infringement)

50.    Metropark hereby incorporates Paragraphs 1 through 49 of its Answer as though fully set forth herein.

51.    Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and on that basis denies the same.

52.    Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and on that basis denies the same.

53.    Metropark lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and on that basis denies the same.

54.    Metropark denies the allegations in Paragraph 54 of the Complaint.

55.    Metropark denies the allegations in Paragraph 55 of the Complaint.

56.    Metropark denies the allegations in Paragraph 56 of the Complaint.

57.    Metropark denies the allegations in Paragraph 57 of the Complaint.

58.    Metropark denies the allegations in Paragraph 58 of the Complaint.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7.

METROPARK AMENDED
ANSWER & CROSSCLAIM
CV10 4328-GAF (RZx)

## FIFTH CAUSE OF ACTION

### (Statutory and Common Law Unfair Competition)

59. Metropark hereby incorporates Paragraphs 1 through 58 of its Answer as though fully set forth herein.

60. Metropark denies the allegations in Paragraph 60 of the Complaint.

61. Metropark denies the allegations in Paragraph 61 of the Complaint.

## DEFENSES

Without admitting to bearing the burden of proof on any issue raised below, Metropark asserts the following additional defenses to each and every cause of action in the Complaint:

### First Defense

### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

### (Laches)

Plaintiff's claims are barred by the doctrine of laches.

### Third Defense

### (Estoppel)

Plaintiff's claims are barred by the doctrine of estoppel.

### Fourth Defense

### (Acquiescence)

Plaintiff's claims are barred by the doctrine of acquiescence.

### Fifth Defense

### (Fair Use)

Plaintiff's claims are barred by the doctrines of fair use, nominative fair use and/or descriptive use.

### Sixth Defense

### (Copyright Misuse)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8.

METROPARK AMENDED
ANSWER & CROSSCLAIM
CV10 4328-GAF (RZx)

Plaintiff's claims are barred by the doctrine of copyright misuse.

**Seventh Defense**

**(Ineligibility for Statutory Damages or Attorney's Fees)**

Plaintiff is not entitled to statutory damages or attorney's fees because its works were not registered prior to the commencement of the alleged infringement.

**WHEREFORE**, Metropark requests that this Court deny Summit's prayer for relief in its entirety, that this Court enter judgment in Metropark's favor and against Summit, and that this Court award Metropark its attorney's fees and costs of suit.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9.

METROPARK AMENDED
ANSWER & CROSSCLAIM
CV10 4328-GAF (RZx)

# CROSSCLAIM

Defendant/Crossclaimant Metropark USA, Inc. ("Metropark") hereby sets forth the following crossclaim against Defendant/Crossclaim-Defendant B.B. Dakota, Inc. ("BB Dakota"):

## PARTIES

1. Metropark is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Los Angeles, California.

2. Based on information and belief, BB Dakota is a corporation organized and existing under the laws of the State of California with its principal place of business in Costa Mesa, California.

## JURISDICTION

3. This Court has supplemental jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1367(a).

4. BB Dakota is subject to personal jurisdiction in this District, as it has previously admitted in response to the Complaint filed by Plaintiff Summit Entertainment, LLC ("Summit").

5. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c).

## FACTUAL ALLEGATIONS

6. Metropark realleges Paragraphs 1-61 of its Answer and Paragraphs 1-5 of its Crossclaim as if fully set forth herein

7. In or about March 2009 BB Dakota approached Metropark about the possibility of selling through Metropark the jacket at issue in this action (the "BB Dakota Hooded Cargo Jacket"). Metropark agreed to resell the BB Dakota Hooded Cargo Jacket provided that BB Dakota agree to the Standard Terms of Metropark USA, Inc. ("Standard Terms"), a true and copy of which is attached hereto as Exhibit A and incorporated herein by reference.

8. Under the Standard Terms, with which BB Dakota was familiar as a

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10.

METROPARK AMENDED
ANSWER & CROSSCLAIM
CV10 4328-GAF (RZx)

result of previous dealings with Metropark, the vendor agreed to indemnify and hold harmless Metropark from any liability, loss, or expense by reason of any trademark, copyright, or unfair competition litigation, among other things.

9. Since the time of BB Dakota's previous dealings with Metropark, BB Dakota was acquired by Samsung America, Inc. ("Samsung"). As a result, for the sale of the BB Dakota Hooded Cargo Jacket, Metropark also required that Samsung acknowledge and agree to the Standard Terms.

10. Thus, to induce Metropark to agree to purchase and resell the BB Dakota Hooded Cargo Jacket, BB Dakota caused its parent, Samsung, to certify, and on or about May 4, 2009 Samsung thereby on behalf of itself and on behalf of BB Dakota as Vendor did certify, their agreement to the Standard Terms, as set forth in Exhibit A.

11. At the same time, Metropark also required Samsung to sign a completed Merchandise Vendor Fact Sheet accompanied by a sample invoice, which Samsung did on or about May 4, 2009, a true and correct copy of which is attached hereto as Exhibit B and incorporated herein by reference. The sample invoice attached to the Merchandise Vendor Fact Sheet identified BB Dakota as vendor and specified that customer service inquiries should be directed to the sales representative or BB Dakota.

12. Paragraph 10 of the Standard Terms states in relevant part that "Vendor agrees to indemnify [Metropark] and hold it harmless against any and all liability, loss or expense, including fines and reasonable counsel fees, by reason of any design, patent, trade name, trademark, copyright, or unfair competition litigation now existing or hereafter commenced with respect to any or all items covered by a Purchase Order." The BB Dakota Hooded Cargo Jackets purchased by Metropark from BB Dakota were covered by Purchase Orders as defined in the Standard Terms.

13. Paragraph 11 of the Standard Terms states in relevant part that

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11.

METROPARK AMENDED
ANSWER & CROSSCLAIM
CV10 4328-GAF (RZx)

"Vendor agrees to indemnify [Metropark] and save it harmless from all liability claim, suits, and actions which may be made or brought against it by virtue of claims or demands of any kind which any purchaser of such merchandise from [Metropark] or any other person may make against [Metropark] arising from the sale or use of such merchandise . . . and agrees to pay any judgment against and assume any liability or expense of [Metropark] in connection with any such claim, except to the extent such liability, claim, suits and actions are caused by [Metropark's] gross negligence or willful misconduct."

14. BB Dakota's and Samsung's acceptance of the Standard Terms as certified on or about May 4, 2009 and BB Dakota's sale of the BB Dakota Hooded Cargo Jacket to Metropark constitutes a binding agreement with Metropark (the "Agreement"), under which BB Dakota was bound to the Standard Terms.

15. In the Complaint filed in *Summit Entertainment, LLC v. B.B. Dakota, Inc.*, No. CV 10-4328-GAF (RZx) (the "Action"), Summit asserts claims for false designation of origin, trademark infringement, trademark dilution, copyright infringement, and unfair competition.

16. Summit's claims against Metropark in this Action concern Metropark's sale of the BB Dakota Hooded Cargo Jacket and, in particular, the hangtags attached to the jackets by BB Dakota and the advertisements for the BB Dakota Hooded Cargo Jacket which BB Dakota's public relations agent approved after receiving assurances from Summit.

17. Under the Standard Terms, and in particular Paragraphs 10 and 11 thereof, BB Dakota has a duty to defend and indemnify Metropark in this Action.

18. On or about July 9, 2010, Metropark made a written demand dated that same date to Samsung and BB Dakota requesting a defense and indemnification with respect to the Action, pursuant to the Standard Terms. On July 28, 2010, counsel for BB Dakota responded that it was still conducting its investigation. Since then, Metropark and its counsel have repeatedly sought a defense and

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12.

METROPARK AMENDED
ANSWER & CROSSCLAIM
CV10 4328-GAF (RZx)

indemnification pursuant to the Agreement.

19. Despite its contractual obligations under the Agreement and as specified in the Standard Terms, BB Dakota has refused and failed to defend and indemnify Metropark with respect to this Action to date.

### FIRST CAUSE OF ACTION: BREACH OF CONTRACT

20. Metropark realleges Paragraphs 1-61 of its Answer and Paragraphs 1-19 of its Crossclaim as if fully set forth herein.

21. Metropark and BB Dakota, through its parent Samsung, entered into the Agreement, which is a valid, binding and unambiguous written contract supported by good and valuable consideration.

22. Metropark has fully performed all of its obligations under the Agreement, and has satisfied all conditions precedent, if any, to the filing of this Crossclaim.

23. BB Dakota breached its obligations under the Agreement by refusing and failing to defend and indemnify Metropark in the Action.

24. Metropark has been damaged by BB Dakota's breach of contract. Metropark has already sustained damages of in excess of One Hundred Thousand Dollars ($100,000) relating to its defense of this Action. Metropark will sustain additional damages in connection with its defense of the Action. In addition, Metropark will sustain damages to the extent it must pay Summit any amount by order of this Court or in connection with a settlement.

25. Metropark has attempted to mitigate its damages to the fullest extent of its ability to do so by seeking a defense and indemnification from BB Dakota.

### PRAYER FOR RELIEF

**WHEREFORE**, Metropark respectfully requests that this Court enter judgment for Metropark and grant Metropark relief to include:

a. Damages in the amount of not less than One Hundred Thousand Dollars ($100,000) or such amount as may be proven, for providing a defense of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13.

METROPARK AMENDED
ANSWER & CROSSCLAIM
CV10 4328-GAF (RZx)

this Action;

  b. Damages for such amount as necessary if Metropark must pay Summit any amount by order of this Court or in connection with a settlement of this Action;

  c. Consequential damages caused by BB Dakota's breach of the Agreement as may be proven;

  d. Costs, applicable pre-judgment and post-judgment interest, and attorneys' fees;

  e. All such other relief as the Court deems just.

Dated: February 25, 2011

COOLEY LLP
JOHN W. CRITTENDEN (101634)
ROBIN J. ALLAN (254617)


 /s/ John W. Crittenden
John W. Crittenden (101634)
Attorneys for Defendant
METROPARK USA, INC.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14.

METROPARK AMENDED
ANSWER & CROSSCLAIM
CV10 4328-GAF (RZx)

# JURY DEMAND

Defendant Metropark USA, Inc. hereby requests a trial by jury.

Dated:  February 25, 2011        COOLEY LLP
                                 JOHN W. CRITTENDEN (101634)
                                 ROBIN J. ALLAN (254617)


                                   /s/ John W. Crittenden
                                 _____
                                 John W. Crittenden (101634)
                                 Attorneys for Defendant
                                 METROPARK USA, INC.

128951 v2/DC

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15.

METROPARK AMENDED
ANSWER & CROSSCLAIM
CV10 4328-GAF (RZx)