MANATT, PHELPS & PHILLIPS, LLP
Jill M. Pietrini (Bar No. CA 138335)
  jpietrini@manatt.com
Paul A. Bost (Bar No. CA 261531)
  pbost@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Plaintiff*
SUMMIT ENTERTAINMENT, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>B.B. DAKOTA, INC., a California corporation, METROPARK USA, INC., a Delaware corporation, MODCLOTH, INC., a Delaware Corporation, and Does 1-10, inclusive,<br><br>Defendants. | Case No. CV-10-04328-GAF (RZx)<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>[Lodged concurrently with Stipulated Protective Order] |
| B.B. DAKOTA, INC.,<br><br>Counterclaimant,<br><br>v.<br><br>SUMMIT ENTERTAINMENT, LLC,<br><br>Counterdefendant. | |

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

Plaintiff and Counterdefendant Summit Entertainment, LLC, Defendant and Counterclaimant B.B. Dakota, Inc., and Defendant ModCloth, Inc. have submitted a Stipulated Protective Order ("the Stipulation").  Pursuant to the Stipulation, t he parties believe that a protective order restricting the use and dissemination of confidential, proprietary, and competitively sensitive information and documents is necessary and appropriate to facilitate discovery and litigation in this action. Certain of plaintiff Summit Entertainment, LLC's licensees and defendants B.B. Dakota, Inc. and ModCloth, Inc. are competitors in the apparel industry, and this protective order is necessary to protect against any of these parties unfairly obtaining a competitive advantage in the marketplace by access to their competitors' sales information, marketing strategies, consumer and market research, agreements related to the manufacturing and sale of apparel, or other non-public information that could potentially be used by a competing party to obtain a competitive advantage.  Examples of the type of information which the parties believe might result in an unfair competitive advantage if disseminated to competitors without protection are listed in paragraphs 2 and 3 below.  The parties also believe that such an order is necessary and appropriate to enable the parties to conduct discovery of non-parties, including competitors and employees of competitors, that may have similar concerns regarding their confidential, proprietary or competitively sensitive information and documents.

Finally, Summit's licensee agreements are highly confidential and have been treated as such by other courts in this District in entering protective orders.  *See Summit Entertainment, LLC v. Becket Media, Inc.*, Case No. CV09-8161 PSG (MANx), Protective Order, Docket No. 75.  Disclosure of Summit's licensing information without a protective order would put Summit at a disadvantage because all of its current and potential licensees would know Summit's licensing structure for the various licenses entered for the *Twilight* Motion Pictures property.  Finally, Summit is not a public company and therefore maintains its financial records as

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

2

1    confidential and does not disclose such information publicly.

2            Accordingly, the Court, having considered the Stipulation and good cause

3    appearing therefore, hereby ORDERS as follows:

4            1.      Any confidential information or documents produced by or on behalf

5    of any party or non-party as part of discovery in this action may be designated by

6    the producing party(ies) as "Confidential" or "Highly Confidential - Outside

7    Counsel Only" (referred to herein as "Outside Counsel Only") (collectively referred

8    to herein as "Protected Information").  As a general guideline, any information that

9    is publicly available should not be designated as Protected Information.

10           2.      A document should be designated "Confidential" when it contains or

11   reflects confidential business information, relating to information which the

12   disclosing party or non-party believes in good faith contains, constitutes or reveals

13   non-public customer lists, financial information relating to pricing, gross revenue,

14   units sold and profits for products at issue in the litigation, ~~or other information of a~~

15   ~~confidential, proprietary, private or personal nature.~~

16           3.      Information or documents designated "Outside Counsel Only" shall be

17   limited to trade secrets as defined by Cal. Civil Code § 3426.1 or marketing plans

18   or strategies, market surveys, business plans, pricing plans, strategic plans, license

19   agreements or negotiations, distribution agreements, manufacturing agreements,

20   manufacturing processes, manufacturing drawings, employee files, merchandising,

21   research and development of products and technical matters not yet released or

22   sold, general financial information or projections, including, without limitation,

23   budgets, net worth, identity of shareholders, or other documents relating to total

24   revenue earned, financial information not related to the product at issue in this

25   litigation and asset information that is not public knowledge.

26           4.      Information designated "Confidential" and "Outside Counsel Only"

27   may be used only in connection with this proceeding, and not for any other purpose.

28   Such information may not be disclosed to anyone except as provided in this

1    Protective Order.

2        5.     Any party or non-party wishing to come within the provisions of this

3    Protective Order may designate in writing the documents (as defined in Fed. R. Civ.

4    P. 34 and Fed. R. Evid. 1001) or portions thereof that it considers confidential at the

5    time the documents are produced.  Each page of the document must be marked

6    "Confidential" or "Outside Counsel Only" by the producing party, and any

7    Protected Information exchanged prior to this Protective Order being entered by the

8    Court shall, within a reasonable time hereafter, be so marked on each such page, if

9    such markings do not include every such page.  It is the intent of the parties that

10   each document previously designated as "Confidential" and "Outside Counsel

11   Only" and transmitted to the respective other parties, including any such documents

12   and information exchanged for settlement purposes, are to be covered by this

13   Protective Order.  "Confidential" and "Outside Counsel Only" documents or things

14   that cannot be reasonably labeled pursuant to this paragraph shall be so designated

15   by the producing party by informing the receiving parties in writing.

16       6.     In the instance of deposition testimony, the witness under deposition or

17   his counsel shall invoke the provisions of this Protective Order in a timely manner

18   and designate the level of restriction.  During the deposition, parties shall be

19   excluded from testimony designated "Outside Counsel Only."  The witness under

20   deposition or his counsel shall have the right, within fifteen days of receiving a

21   transcript of the deposition, to designate, or change, the confidentiality designation

22   of the transcript or portions thereof.  For depositions containing some Protected

23   Information and some non-Protected Information, a separate confidential transcript,

24   apart from the usual transcript, shall be prepared by the court reporter.  Counsel for

25   the party asserting that certain documents or testimony contains Protected

26   Information shall endeavor to characterize the level of confidentiality for the

27   Protected Information during the deposition.

28       7.     Any documents, discovery responses or deposition transcripts stamped

1    or marked "Outside Counsel Only," as well as any copies or excerpts thereof, or

2    analyses or reports that pertain thereto, and any deposition testimony or portion

3    thereof marked as "Outside Counsel Only" may be made available only to:

4        a.    Attorneys of record for the receiving party and employees of

5    such attorneys on a need to know basis;

6        b.    Judges, law clerks and other personnel of the Court before

7    which this proceeding is pending;

8        c.    Independent experts retained by the attorneys for purposes of the

9    litigation that are not directly associated with a party, whom the receiving party

10   identifies to the producing party seven days prior to disclosure to such expert, and

11   who have signed and agreed to abide by the "Confidentiality Agreement for

12   Others" (Exhibit A);

13       d.    Court reporters and their staff that are required to transcribe

14   testimony;

15       e.    Outside litigation support vendors, including commercial

16   photocopying vendors, scanning services vendors, coders and keyboard operators;

17       f.    Any person who is identified on the face of any designated

18   "Outside Counsel Only" material as an author or recipient thereof or who is an

19   officer, director, managing agent, or principal of the company that produced the

20   Protected Information to the receiving party;

21       g.    Any person who is determined to have been an author and/or

22   previous recipient  of "Outside Counsel Only" designated material, but is not

23   identified on the face thereof, provided there is prior testimony of actual authorship

24   or receipt of the "Outside Counsel Only" designated material by such person; and

25       h.    Representatives of insurance carriers providing a defense or

26   indemnity to any of the parties and who have signed and agreed to abide by the

27   "Confidentiality Agreement for Others" (Exhibit A).

28       Notwithstanding the provisions of Paragraph 7, specifically identified

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

5

information, documents, testimony, or other confidential materials marked "Outside Counsel Only" may be disclosed to principals or general counsel of the receiving party, to whom disclosure is reasonably necessary for this litigation, on a need to know basis.  Written notice of intention to provide such information or documents to principals or general counsel of the receiving party shall be provided to counsel for the producing party by facsimile or email seven days before the intended disclosure and shall specify the identity of the individual(s) to whom the intended disclosure will be made, along with the reasons why such disclosure is necessary. Such written notice need only disclose why such disclosure is necessary in general terms and need not specifically identify which documents the disclosing party intends to disclose.  Also, such written notice does not constitute and should not be construed as a partial or complete waiver of the attorney-client privilege or the work product doctrine.  If there is a written objection within the seven-day period and the objection is not resolved between counsel, the party seeking disclosure shall not disclose the information or documents.  Upon notice to the party seeking disclosure within the seven-day period, the party objecting to disclosure shall have the right to bring the dispute before the Court for resolution within seven days of giving such notice.  Failure to bring the dispute before the Court within this time period shall be construed as a withdrawal of any objection to the disclosure.  The parties shall not unreasonably object to the disclosure of information and documents marked "Outside Counsel Only" to principals or general counsel of the receiving party.  The party objecting to the disclosure shall have the burden of showing why the information or documents should not be disclosed to requested persons.  The parties recognize that the disclosure of such confidential material to the principals or general counsel of the parties may be critical to the ability to proceed in this case and analyze and participate in settlement discussions.

8.     Any documents, discovery responses or deposition transcripts stamped "Confidential," as well as any copies or excerpts thereof, or analyses or reports that

1   pertain thereto, and any deposition testimony or portion thereof marked as
2   "Confidential," may be made available only to:
3           a.      Representatives of the parties on a need to know basis;
4           b.      Attorneys of record for the receiving party and employees of
5   such attorneys on a need to know basis;
6           c.      Judges, law clerks and other personnel of the Court before
7   which this proceeding is pending;
8           d.      Independent experts retained by the attorneys for purposes of the
9   litigation that are not directly associated with a party, whom the receiving party
10  identifies to counsel for the producing party by facsimile or email seven days prior
11  to disclosure to such expert, and who have signed and agreed to abide by the
12  "Confidentiality Agreement for Others" (Exhibit A);
13          e.      Court reporters and their staff that are required to transcribe
14  testimony;
15          f.      Outside litigation support vendors, including commercial
16  photocopying vendors, scanning services vendors, coders and keyboard operators;
17          g.      Any person who is identified on the face of any designated
18  "Confidential" material as an author or recipient thereof or who is an officer,
19  director, managing agent, or principal of the company that produced the Protected
20  Information to the receiving party;
21          h.      Any person who is determined to have been an author and/or
22  previous recipient  of "Confidential" designated material, but is not identified on
23  the face thereof, provided there is prior testimony of actual authorship or receipt of
24  the "Confidential" designated material by such person; and
25          i.      Representatives of insurance carriers providing a defense or
26  indemnity to any of the parties and who have signed and agreed to abide by the
27  "Confidentiality Agreement for Others" (Exhibit A).
28          9.      Written notice of intention to provide information or documents to

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

7

experts pursuant to Paragraphs 7(c) and 8(d), shall be provided to counsel for the producing party by facsimile or email seven days before the intended disclosure and shall specify the identity of the individual(s) to whom the intended disclosure will be made, and that person's occupation and employer.  If there is a written objection within the seven-day period and the objection is not resolved between counsel, the party seeking disclosure shall not disclose the information or documents, but shall have the right to bring the dispute before the Court for resolution.  The parties shall not unreasonably object to the disclosure of information and documents to experts pursuant to Paragraph 7(c) and 8(d).  The party objecting to the disclosure shall have the burden of showing why the information or documents should not be disclosed to the identified expert.  The parties further agree that an expert whose identity is disclosed pursuant to this paragraph cannot be deposed regarding any subject related to this litigation, unless the expert has been designated as a testifying expert by the retaining party, and then in a manner consistent with the Federal Rules of Civil Procedure governing expert discovery.

10.    For purposes of this Protective Order, an expert witness shall not be deemed to be "independent" if he is (a) a party to this litigation, or an officer, shareholder, owner, manager, partner, distributor, seller, advertiser, independent contractor, affiliate, director, employee, former employee or contractor, or relative of a party to this litigation, or a party's parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity or affiliate; or (b) an officer, shareholder, owner, manager, partner, distributor, seller, advertiser, independent contractor, affiliate, director, employee, former employee or contractor, or relative of a direct competitor to a party to this litigation, or the competitor's parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity or affiliate.

11.    Each person permitted by the parties or their counsel to have access to Protected Information under Paragraphs 7(c), 7(h), 8(d) and 8(i) this Protective Order shall, prior to being given such access, be provided with a copy of this

1   Protective Order for review.  Upon receiving this Protective Order, each person

2   shall sign a statement in the form of **Exhibit A** hereto indicating that he has read

3   the Protective Order and agrees to comply with its terms.

4       12.     The restrictions set forth in this Protective Order shall not apply to

5   information that is known to the receiving party or the public before the date of its

6   transmission to the receiving party, or which becomes known to the public after the

7   date of its transmission to the receiving party, provided that such information does

8   not become publicly known by any act or omission of the receiving party, its

9   employees, or its agents that would be in violation of this Protective Order.

10      13.     If, in connection with this action, a producing party inadvertently

11  discloses information subject to a claim of attorney-client privilege, work product

12  immunity, or any other protection provided under the law ("Inadvertently Disclosed

13  Privileged Information"), the disclosure of the Inadvertently Disclosed Privileged

14  Information will not constitute or be deemed a waiver or forfeiture of any claim of

15  privilege, work product immunity, or any other protection that the producing party

16  would otherwise be entitled to assert with respect to the Inadvertently Disclosed

17  Privileged Information and its subject matter.  If a claim of inadvertent disclosure is

18  made by a producing party with respect to Inadvertently Disclosed Privileged

19  Information, the receiving party: (a) will, within five (5) business days, return or

20  destroy all copies of the Inadvertently Disclosed Privileged Information and certify

21  that all such Inadvertently Disclosed Privileged Information has been returned or

22  destroyed; and (b) must take reasonable steps to retrieve the information if the

23  receiving party disclosed it before being notified by the producing party.

24      14.     Any document or evidence that is designated as containing Protected

25  Information and that a party wishes to file with the Court shall be presented to the

26  Court along with a written application and proposed order for filing under seal

27  according to the procedures set forth in Local Civil Rule 79-5.1.  Furthermore, any

28  such document or evidence so presented to the Court shall be placed in a sealed

1   envelope or other appropriate sealed container marked on the outside with the title

2   of the instant action, and a statement substantially in following form:

3   CONFIDENTIAL

4   This document is subject to a Protective Order issued by
    the Court and may not be examined or copied except in
5   compliance with that Order.

6   Any other party shall be permitted to file a supporting or supplemental brief within

7   four business days of the initial motion for filing under seal being filed.  All papers

8   and filings with the Court that refer or rely upon any document or evidence filed

9   under seal shall designate the particular aspects that are confidential.

10          15.    If, at any time during the preparation for trial, any party believes that

11  any other party or non-party has improperly designated certain information as

12  "Confidential" or "Outside Counsel Only" or believes that it is necessary to

13  disclose designated information to persons other than those permitted by this

14  Protective Order, and the producing party does not agree to change the designation

15  or to the further disclosure, the objecting party may make an appropriate motion to

16  the Court requesting that the specifically identified documents, information and/or

17  deposition testimony be excluded from the provisions of this Protective Order or be

18  available to specified other persons.  It shall be the burden of the party that makes

19  the designation to demonstrate that the material or information at issue was

20  properly designated.  It shall be the burden of the party seeking the disclosure to

21  persons other than those designated in this Protective Order to show that such

22  disclosure is necessary.

23          16.    In the event that a party is served with a subpoena by any person, firm,

24  corporation, or other entity that is not a party to this action, is not a signatory to this

25  Protective Order or otherwise is not bound by this Protective Order, that seeks to

26  compel production of "Confidential" or "Outside Counsel Only" information or

27  documents, the party upon whom the subpoena is served shall give written notice of

28  the subpoena to the party that has asserted that the information or documents

subject to the subpoena are "Confidential" or "Outside Counsel Only."  The written notice required by this paragraph shall be given no later than seven days after receipt of the subpoena, or before the production date set forth in the subpoena, whichever is earlier.  The party who designated the subject information or documents as "Confidential" or "Outside Counsel Only" shall have the responsibility to obtain an order from the Court quashing the subpoena, a protective order, and/or such other relief as will protect the confidential nature of the subject information or documents.  If such a motion is filed before the requested production date, the party upon whom the subpoena, discovery request, or order is served shall not produce the subject information or documents requested in the subpoena, discovery request, or order until after such time as the Court rules on the motion to quash the subpoena or motion for protective order.  If an order quashing the subpoena or motion for protective order is obtained, the party upon whom the subpoena, discovery request, or order is served shall comply with the order.  If no motion to quash or motion for protective order is filed before the scheduled production date set forth in the subpoena, discovery request, or order, or if the motion to quash the subpoena or motion for protective order is denied, the party upon whom the subpoena, discovery request, or order is served may comply with the same without being deemed to have violated this Protective Order.

17.    The Protective Order may be modified only in writing by the parties and approved by an order of the Court, or by motion to the Court.

18.    In the event that this case proceeds to trial, all information or documents designated as "Confidential" or "Outside Counsel Only" will become public and presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

18a.  If a party makes a dispositive motion prior to trial, this Order shall not govern the use of material submitted in connection with the motion.  If a party desires protection of such material, the party shall apply separately for such

1  protection, making the application directly to the judicial officer who will hear the

2  motion.

3       19.    Upon termination of this proceeding, unless the attorneys of record

4  otherwise agree in writing, each party shall:  (a) assemble and return all designated

5  materials, including copies, to the person(s) and entity(ies) from whom the material

6  was obtained, or (b) destroy all designated materials and provide the other party

7  with written certification that such destruction was made.  The attorney of record

8  may retain one copy of any designated materials, to be kept confidentially, and

9  retain all copies of designated materials containing attorney work product

10  information.

11      20.    In the event any party discloses material containing confidential

12  information, but that such party inadvertently did not designate as "Confidential" or

13  "Outside Counsel Only" the receiving party agrees, upon request by the disclosing

14  party, to return the un-designated material promptly, for reproduction by the

15  disclosing party with the appropriate confidentiality, or to mark the material

16  directly with the confidentiality designation requested by the disclosing party.

17      21.    This Protective Order shall not prejudice the right of any party or non-

18  party to oppose production of any information on the ground of attorney-client

19  privilege, work product immunity, or any other protection provided under the law.

20

21      IT IS SO ORDERED.

22

23

24  Dated: <u>August 15, 2011</u>                  UNITED STATES MAGISTRATE JUDGE

25

26

27

28  Respectfully submitted by:

1    MANATT, PHELPS & PHILLIPS LLP

2
     By:  /s/Paul A. Bost
3              Paul A. Bost
               Attorneys for Summit
4              Entertainment, LLC

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONFIDENTIALITY AGREEMENT FOR OTHERS

1.    I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as "Confidential" or "Outside Counsel Only" within the terms of the Protective Order entered in the U.S. District Court, Central District of California, case entitled *Summit Entertainment, LLC  v. B.B. Dakota, Inc., et al.*, Case No. CV 10-04328-GAF (RZx).

2.    I have read the aforementioned Protective Order, and agree to be bound by it.

3.    I declare the foregoing is true under penalty of perjury under the laws of the United States of America.


Dated:_____


Name:_____



## EXHIBIT A

300331348.2

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES